UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WALTER R. COX, SR.** | * | **CIVIL ACTION NO. 2:10-CV-1521** |
| | * | |
| **VS.** | * | **JUDGE TIMBLE** |
| | * | |
| **WARDEN, ELAYN HUNT CORRECTIONAL CENTER** | * * | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Compel by petitioner, Walter R. Cox, Sr. Doc. 43. Petitioner has previously been granted leave to proceed *in forma pauperis*. Doc. 4.

Petitioner maintains that this court ordered that "petitioner receive a certified true copy of all proceedings held in state court" in its order on February 28, 2012. Doc. 43, p. 2 (emphasis deleted). The transcript he received, however, lacked a record of voir dire.[1] Thus, petitioner contends that respondent is in contempt of an order of this court. Doc. 43, p. 2. He argues that the failure to provide a complete transcript violates his Eighth Amendment freedom from cruel and unusual punishment as judged from "evolving standards of decency." Doc. 43, p. 2. Petitioner seeks an "order compelling respondents to produce the necessary documents relating to voir dire, within ten (10) calendar days . . . ." Doc. 43, p. 4.

The court initially notes that petitioner misread the February 28, 2012, order. Respondents were ordered to file a copy of the state court record, including transcripts, with the court. Doc. 18, p. 8. The court did not, however, order to the respondent to provide a copy to the petitioner. On August 23, 2012, this court ordered the clerk of court, pursuant to the

---

[1] The state concedes that *voir dire* does not appear in the record. But the state maintains that *voir dire* is not missing; that part of the trial simply not transcribed. Doc. 49, p. 5.

requirements of 28 U.S.C.A. § 2250, "to provide to petitioner a copy of Attachments 2-8 to Doc. 39, the record of the state court proceeding filed by the defendant in response to the petition." Doc. 42.  In consideration of the foregoing discussion, the court concludes that the respondent is not in violation of an order of this court.  The respondent was never under an obligation to produce the state court transcripts — the clerk of court was so obligated.

Turning to the substance of petitioner's motion, he is not entitled to the relief requested. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  There is no authority that suggests that respondent's failure to provide a transcript of voir dire constitutes "punishment."  Thus, the Eighth Amendment cannot serve as a basis for relief.

Petitioner's claims are more appropriately viewed through the prism of the Fourteenth Amendment's guarantee of due process of law.  U.S. Const. art. XIV.  The Due Process Clause "require[s] that states provide indigent defendants with a trial transcript free of charge when it is necessary for meaningful appellate review."  Respondents are not "obligated to automatically supply a complete verbatim transcript."  *Moore v. Wainwright*, 633 F.2d 406, 408 (5th Cir. 1980)).  The State is not obligated to provide without cost "those parts of the transcript that are not 'germane to the consideration of the appeal.'"  *Kunkle v. Dretke*, 352 F.3d 980, 985 (2003) (quoting *Draper v. Washington*, 372 U.S. 487, 495 (1963)).  "[N]or is the state required to furnish complete transcripts so that the defendants . . . may conduct 'fishing expeditions' to seek out possible errors at trial."  *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982).

Petitioner's application for a writ of habeas corpus fails to "allege[] any error that may [be] uncovered thought the production of those portions of voir dire not included in the record." *Kunkle*, 352 F.3d at 986.  Petitioner claims eight bases for relief; however, none of these bases is

even tangentially related to issue of constitutionally-proper juror selection. *See* Doc. 18, pp. 4-5; *see also* Doc. 49, pp. 5-6.[2]

Accordingly, petitioner's Motion to Compel is DENIED.

THUS DONE this 30th day of January, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[2] The state notes that even if petitioner had raised claims respecting *voir dire* in the instant habeas application, he would not be entitled to relief on those claims as he failed to exhaust his remedies in state court. Doc. 49, pp. 6-7. The undersigned agrees. *See* 28 U.S.C. § 2254(b)(1)(A). Even if the court were to grant petitioner the relief he seeks, the transcripts of *voir dire* would be of no use to plaintiff's cause.